OPINION and ORDER AFFIRMING TRIAL COURT ORDER
SMITH, J.
JURISDICTION
The Tulalip Tribal Appellate Court has jurisdiction over this case pursuant to Tu-lalip Law and Order Code, Ordinance 49, § 1.11.1, which states:
Any person who claims in good faith, that the Tulalip Tribal Court made a mistake in interpreting the law or a mistake in procedure which affected the outcome of a case shall have a right to appeal a final judgment
SUMMARY
Alexa Savini [Appellant] is requesting the return of her 1997 Oldsmobile Bravada [Bravada]. It was seized by the Tulalip Tribal Police incident to an ongoing investigation into alleged drag use and distribution on the Tulalip Reservation. When the Bravada was initially stopped, Ms. Brianne Dennis was driving the vehicle. Appellant’s son, William “Vito” McLeod was a passenger in the vehicle. Drugs and paraphernalia were found in Ms. Dennis’ purse. Both individuals were subsequently arrested and the vehicle seized.
The Trial Court conducted a forfeiture hearing concerning the seizure of the 1997 Bravada. Appellant and her son were both present at the hearing. The Tulalip Tribes [Tribes] orally requested a continuance of the hearing since two of its three witnesses were not present for the hearing. Judge Bass determined that the Tribal Police had received timely notice of the subpoenas and it was their own internal errors which delayed actual notice to the officers. Judge Bass denied the continuance.
The Tribes then offered one witness who put forth evidence about how the investigation was conducted, what was found and who was involved. The Tribes’ witness gave extensive testimony. At the end of the officer’s testimony, Judge Bass gave Appellant a thorough instruction on what *281 would be allowed on cross-examination. He advised Appellant that she would not be allowed to testily and argue her side at this time, but would be given adequate time later to present her evidence. Ms. Savini stated she did not have any questions of the officer. The Tribes then rested.
When it was time for Appellant to present her arguments and evidence, Judge Bass again gave a thorough instruction as to what would be allowed and not allowed. He also stated that Appellant would have to be sworn in before she could present her testimony. Ms. Savini stated she had no witnesses and declined to be sworn in. Judge Bass repeatedly advised her that this was her time to give her side of the case. She repeatedly declined to be sworn in and presented no evidence. Though she made several comments that her blood sugar was low, she did not request that the hearing be continued because she was too ill to continue.
After closing arguments, Judge Bass ruled that it was shown that the car was being used to transport drugs. He ordered forfeiture of the car to the Tribes.
Issue # 1: Did the trial court err by not continuing the forfeiture hearing based on Appellant’s statements about her low blood sugar?
Ms. Savini made several passing comments that she couldn’t think clearly because her blood sugar was low. She did not at any time indicate to Judge Bass that she was in distress and could not continue due to her medical condition. In fact, she made some very helpful suggestions to her son when he attempted to ask questions of the Tribes’ witness in cross-examination. It is the duty of a party to ask for a continuance if a sudden medical condition potentially could hamper their ability to go forward with their case, unless the person is clearly in a medical emergency. There was nothing in the record to indicate that Appellant wanted a continuance of the hearing. There is substantial case law on the issue of appellate courts giving deference to the trial court which is in the best position to hear testimony, observe the demeanor of the witnesses and the parties, determine witness credibility and make its decision based on the evidence before it. The trial judge had the parties before him, the appellate court does not. We find that the trial judge did not err by conducting the hearing instead of continuing it.
Issue # 2: Did the trial court err by finding sufficient grounds to forfeit the vehicle?
The Tribes’ witness provided sufficient evidence to the trial court judge to prove that drugs were being transported in the vehicle. The stop was lawful, drugs were found in the possession of the driver of the vehicle. Evidence was offered that the vehicle had been seen being driven by Ms. Dennis several times prior to being stopped on the date in question. Appellant did not provide any contradicting evidence. She was given ample opportunity to do so and declined. She stated that she would not be sworn in unless she had an attorney present.
It is a general notion that when unrepresented persons appear in any court, they are held to the standards of any attorney. They are to be familiar with the rules of the court and the procedures to be followed in handling cases before that particular court. IDM Financial, LLC v. Napheahi & Williams, 5 NICS App. 78 (1998). Although this Court is ever vigilant in its effort to ensure the fairness of proceedings involving pro se litigants, a party who represents himself is bound by the same rules of procedure and substantive law as any attorney represent *282 ing him would have been. Pratt v. Hoopa Valley Tribal Police Department, 5 NICS App. 57 (1998).
It was the Tribes’ burden to prove that the vehicle was used to transport drugs. The Trial Court found that the Tribes met that burden. The burden then shifted to the owner of the vehicle to prove that the vehicle was used without her permission and/or knowledge.[1] the instant case, Appellant was given ample opportunity to present evidence and/or to testily on her own behalf that the vehicle was being used without her consent or knowledge. The judge advised her several times that if she didn’t get sworn in, she would lose her opportunity to testify that the vehicle was used without her knowledge or permission. It was her decision not to be sworn in and therefore the Court was left with no alternative but to find that no evidence was presented to mitigate the seizure of the vehicle. While we understand that Appellant may have a concern about testifying without an attorney present, this does not give her leniency to not present any evidence on her behalf and expect the court to find in her favor. She must accept the inherent consequences of her decision. We find that the trial court did not err when it found sufficient grounds to order forfeiture of the 1997 Bravada.
The Trial Court Order of March 20, 2009 is affirmed. The Appeal is denied and this matter is remanded to the Trial Court for resolution consistent with this order.
Concur: ELIZABETH F.M. NASON and ROBERT ANDERSON, Associate Justices.

. TTLOC § 2.2.12(c), “An owner of property who has a verified answer on file may prove that the use of the property occurred without his or her knowledge or consent;”